UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRY MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 4:05CV2114 RWS |
| LINDA S. McMAHON, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation that this matter be remanded to the Commissioner of Social Security for further proceedings. Plaintiff Terry Miller objects to the report and recommendation and requests that I enter an order in his favor. Because I find that there is a miscalculation of benefits this case will be remanded under sentence-four of 42 U.S.C. § 405(g).

This matter was referred to United States Magistrate Judge Audrey G. Fleissig for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Judge Fleissig issued a Report and Recommendation on December 15, 2006, that recommended that the decision of the Commissioner be affirmed in part and remanded to the Commissioner for further proceedings. Miller filed an objections to Judge Fleissig's Report and Recommendation and argued that this case need not be remanded.

The facts of the case are clearly set out in the report and recommendation. The issue is whether, and if so by how much, Miller's workers' compensation settlement should offset Miller's social security benefits.

The Administrative Law Judge determined that Miller's benefits should be offset by a monthly annuity payment of $858.10 and by an additional $188.50 (calculated from what the ALJ

determined was a lump-sum payment of $64,393.57 divided by Miller's life expectancy). Miller argues that his entire settlement[1] of $215,000 was a lump sum payment. He asserts that his attorney fees and expenses (a total of $59,000 which was paid in cash from the settlement proceeds) should be deducted from the gross settlement leaving a balance of $156,000 as the lump sum payment to Miller. He argues that the $156,000 balance should be divided by the remainder of Miller's life expectancy (1,479.4 weeks) which equals $105.45 per week. This results in a monthly rate of $456.60 ($105.45 times 4.33). Miller contends that this amount of monthly income from his workers' compensation settlement would not result in any offset to his social security benefits.

Miller's characterization of the entire settlement as one lump-sum payment is incorrect. The record does not support the this contention. Miller did not receive a lump-sum payment in the amount of $215,000. What the record shows is that Miller received only $156,000 as a lump-sum payment and an entitlement to monthly payments from an annuity purchased for $130,000.

As to the $156,000 lump-sum payment, $59,000 was paid to Miller's attorney for fees and expenses. Miller received only $26,000 in cash.

The annuity is not owned nor was it purchased by Miller. Rather, Miller's employer's insurer, Royal & Sun Alliance, purchased and owns the annuity which pays $858.10 per month to Miller as the beneficiary. Miller did not receive the $130,000 as part of a lump-sum payment. Nor did he purchase the annuity on his own behalf. It can be inferred that the $130,000 compensation was not a lump-sum payment because Miller did not receive that money and does not own the annuity policy.

---

[1] This amount includes the workers' compensation settlement he received from his employer and the money he received from Missouri's second injury fund.

The ALJ concluded that Miller's social security benefit should be offset by the monthly payment of $858.10 generated by the annuity. In order to avoid this offset the burden was on Miller to establish that he could have elected to receive the $130,000 as a lump-sum payment but elected instead to have his employer provide him with an annuity. Campbell v. Shalala, 14 F.3d 424, 428 (8th Cir. 1994)(burden on plaintiff to establish part of his workers' compensation settlement is not a substitute for periodic payments). The ALJ's determination that the annuity's $858.10 monthly payments were properly offset against Miller's social security benefits is supported with substantial evidence from the record and is affirmed. See Sunde v. Barnhart, 417 F.3d 986, 989 (8th Cir. 2005).

The ALJ also concluded that Miller's benefits should be offset by an additional $188.50 per month. The ALJ based this conclusion by determining that Miller received a lump-sum settlement payment of $64,393.57 after deducting attorneys' fees. This determination is not supported by substantial evidence in the record. The record clearly indicated that Miller's counsel was paid $59,000 and that Miller only received $26,000 in a lump-sum payment. I will remand this case for the ALJ to recalculate the offset to Millers benefits using the $26,000 figure as the basis for determining the lump-sum payment offset.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to sentence-four of 42 U.S.C. § 405(g), the decision of the Administrative Law Judge is **REVERSED** and the case is **REMANDED** for further proceedings in accordance with this memorandum and order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2007.